In the Matter of WILLIAM C. BRENNAN (Admitted as WILLIAM C. BRENNAN, JR.), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 5, 1986

APPEARANCES OF COUNSEL

*Robert H. Straus (Vincent J. Carroll, Jr.,* of counsel), for petitioner.

*Paul B. Bergman, P. C.,* for respondent.

OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on March 30, 1949.

On December 17, 1985, in the United States District Court for the Eastern District of New York, a jury found the respondent guilty of violating 18 USC § 1962 (count 1), 18 USC § 1962 (d) (count 2), 18 USC 1952 (a) (counts 3-10, and 17-22), 18 USC § 1343 (counts 11-16 and 23-25), and 18 USC § 1951 (a) (count 26). On February 3, 1986, the respondent was sentenced to concurrent terms of imprisonment of five years on counts 1, 2 and 26, those terms to run consecutively to five-year terms of imprisonment imposed on the remaining 23 counts. The five-year terms of imprisonment on the remaining 23 counts were suspended and the respondent was placed on probation for five years. A condition of probation was that the respondent have nothing to do, directly or indirectly with law, law enforcement or public office and trust. The respondent was further ordered to make restitution of $14,000 and was fined the full amount of $209,000 and a special assessment of $1,300.

The Hobbs Act (18 USC § 1951) involves a knowing, willful and unlawful attempt to obstruct, delay and effect commerce by extortion. This crime is essentially similar to the New York felony of larceny by extortion *(see,* Penal Law § 155.05 [2] [e]; § 155.30 [6]; *Matter of Margiotta,* 60 NY2d 147).

The respondent's conviction included 14 counts of knowingly, willfully and unlawfully causing other persons to travel in interstate commerce and using and causing other persons to use a facility in interstate commerce with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely, bribe receiving, in violation of 18 USC § 1952. This section has been held cognizable as a class D felony when the underlying activity is bribery *(see,* Penal Law § 200.00 [bribery in the second degree]; *Matter of Cuti,* 89 AD2d 97). Since bribe receiving (Penal Law § 200.10) is also a class D felony in New York, we hold that these 14 counts are cognizable as class D felonies in New York.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and the clerk of this court is directed to strike his name from the roll of attorneys and counselors-at-law forthwith.

LAZER, J. P., GIBBONS, BRACKEN, NIEHOFF and RUBIN, JJ., concur.