[693 NYS2d 583]

In the Matter of IRWIN D. SCHLACTER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 22, 1999

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Irwin D. Schlacter, was admitted to the practice

of law in the State of New York by the Second Judicial Department on June 25, 1952. At all times relevant to the instant proceeding, he maintained an office for the practice of law within the First Judicial Department.

An indictment was filed against respondent in the United States District Court for the Southern District of New York charging him with two counts of racketeering conspiracy, in violation of 18 USC § 1961, and eight counts of conspiracy to commit extortion, in violation of 18 USC § 1951. On December 4, 1998, respondent pleaded guilty to one count of conspiracy to commit extortion, in violation of 18 USC § 1951. On March 22, 1999, respondent was sentenced to 37 months in prison.

Respondent admitted that he conspired with members of the Luchese crime family to commit extortion, as that term is defined in the Hobbs Act (18 USC § 1951 [b]). At his plea allocution, respondent admitted that in 1996 he and others conspired to obtain payments from garment center businesses and those businesses were being induced by threats of economic harm and labor unrest.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b). The Committee is correct in its contention that automatic disbarment under section 90 (4) (b) is the appropriate sanction, since the crime underlying respondent's conspiracy conviction, the Federal felony of unlawfully affecting commerce by extortion (18 USC § 1951), is essentially similar to the New York felony of larceny by extortion (Penal Law § 155.05 [2] [e]; *see, Matter of Margiotta*, 60 NY2d 147).

Accordingly, respondent ceased to be an attorney upon his Federal conviction and the petition to strike respondent's name from the roll of attorneys and counselors-at-law should be granted.

ROSENBERGER, J. P., WILLIAMS, TOM, WALLACH and BUCKLEY, JJ., concur.

Petition granted, and the name of respondent stricken from the roll of attorneys and counselors-at-law in the State of New York forthwith.