[768 NYS2d 8]

In the Matter of JEFFREY N. ZISSELMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 2, 2003

### APPEARANCES OF COUNSEL

*Thomas J. Cahill* (*Raymond Vallejo* of counsel), for petitioner.
*Michael S. Ross* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Jeffrey N. Zisselman was admitted to the practice

of law in the State of New York by the Second Judicial Department on April 15, 1992. At all times relevant to the instant proceeding, he maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b). On May 27, 2003, respondent pleaded guilty to both counts of an information filed against him in the United States District Court for the Southern District of New York charging him with one count of conspiracy to commit extortion in violation of 18 USC § 1952 (a) (3) and § 371, and one count of extortion in violation of 18 USC § 1952 (a) (3), known as the Travel Act.

Respondent admitted that from about December 2001 through February 2003, he and a coconspirator engaged in a scheme to extort money from their employer by threatening him with exposure of his fraudulent activities with respect to his brokerage firm and with reporting his extramarital affairs to his wife. During the course of this scheme, respondent traveled in interstate and foreign commerce and used facilities in interstate and foreign commerce to transfer funds by wire from the employer to himself and his coconspirator in order to carry out the unlawful extortion. At his plea allocution, respondent admitted receiving approximately $1.5 million dollars, which he split with his coconspirator and conceded that he "knew at the time that what we were doing was against the law."

Petitioner correctly contends that automatic disbarment under section 90 (4) (b) is appropriate since the federal felony of extortion in connection with the Travel Act, the crime underlying respondent's conspiracy conviction, is essentially similar to the New York felony of larceny by extortion (Penal Law § 155.05 [2] [e]; § 155.30 [6]; *see Matter of Margiotta*, 60 NY2d 147 [1983] [federal felony of unlawfully affecting commerce by extortion in violation of 18 USC § 1951 is essentially similar to larceny by extortion under New York law]; *Matter of Schlacter*, 259 AD2d 140 [1999] [conspiracy to commit extortion under 18 USC § 1951 is essentially similar to larceny by extortion]). The Travel Act, 18 USC § 1952 (a) (3), establishes criminal liability for one who travels in interstate commerce or uses the mail system or any facility in interstate commerce, with intent to "promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity." As used in this section, "unlawful activity" means

"extortion . . . in violation of the laws of the State in which committed or of the United States." (18 USC § 1952 [b] [2]).

Respondent's counsel has submitted an affidavit stating that respondent fully accepts responsibility for his actions and does not oppose the striking of his name from the roll of attorneys.

Accordingly, inasmuch as respondent's federal conviction constitutes a "felony" under Judiciary Law § 90 (4) (e), being essentially similar to the New York felony of larceny by extortion, in violation of Penal Law § 155.05 (2) (e) and § 155.30 (6), and as respondent ceased to be an attorney upon his federal conviction, the petition to strike respondent's name from the roll of attorneys and counselors-at-law should be granted and his name stricken from the roll nunc pro tunc as of May 27, 2003.

BUCKLEY, P.J., TOM, SAXE, ELLERIN and WILLIAMS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 27, 2003.