[886 NYS2d 677]

In the Matter of Bernard Meiterman, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, September 15, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Bernard Meiterman was admitted to the practice of law in the State of New York by the First Judicial Department on August 12, 1991. At all relevant times herein, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (Committee) seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) upon the ground that he was automatically disbarred as a result of his conviction of a federal felony that would constitute a felony if committed under New York law (Judiciary Law § 90 [4] [e]). Respondent has not appeared on this motion, although a copy of this petition was served via first class mail and certified mail, return receipt requested, addressed to respondent at the Fort Dix Correctional Institution.

In an undated superceding indictment, respondent and others were charged with extensive racketeering activities in connection with corrupting public officials in Monmouth County, New Jersey. More specifically, respondent was charged with paying for the services of an architect and a mason who performed services on the private residence of one official, Frank Abate, in order to obtain favorable treatment for respondent's real estate development projects and for which, in fact, he did receive such treatment.

On October 29, 2007, pursuant to a plea agreement with the United States Attorney's Office, respondent pleaded guilty to count 10 of the superceding indictment, in the United States District Court for the District of New Jersey, of using mail to promote and facilitate corrupt payments, in violation of 18 USC § 1952 (a) (2) and (3) (Travel Act), a felony under the United States Code.

During his plea allocution respondent admitted, inter alia, that: (1) he devised a scheme to attempt to influence Abate in connection with respondent's development projects, (2) he arranged and paid for private architectural services at Abate's house, (3) he arranged to send a $500 invoice via United States mail from the architect to Abate's house (respondent personally paid $1,800 of the architect's genuine $2,300 charge), (4) he told the architect to conceal the fact that respondent and his

partners paid him, and (5) he told the architect to inform law enforcement and a grand jury falsely that the architect forgot to bill Abate and that the payments respondent made to him were unconnected to his work with Abate's house. By pleading guilty to count 10, respondent did not contest that respondent's development company had several matters pending before Abate's agency, the Western Monmouth Utilities Authority, and Abate did in fact facilitate and accelerate approval of respondent's applications before that agency.

On June 5, 2008, respondent was sentenced to a fine of $7,500, and a term of imprisonment of 24 months, followed by a period of supervised release of three years upon his release from prison. Respondent reported for incarceration on August 5, 2008.

A conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law (*Matter of Sorin*, 47 AD3d 1 [2007]). A federal felony need not be a "mirror image" of the New York felony, but it must be essentially similar (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). Essential similarity may be demonstrated by evidentiary materials such as admissions made under oath in the respondent's plea allocution or other testimony (*Matter of Mercado*, 1 AD3d 54, 55 [2003]), which may be read in conjunction with the indictment or information (*Matter of Amsterdam*, 26 AD3d 94, 96 [2005]).

The New York felony of bribery in the third degree (Penal Law § 200.00) provides the following:

> "A person is guilty of bribery in the third degree when he confers, or offers or agrees to confer, any benefit upon a public servant upon an agreement or understanding that such public servant's vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced.

> "Bribery in the third degree is a class D felony."

The Appellate Divisions of this State, including this Court, have held that, depending upon the underlying facts, a conviction under 18 USC § 1952 (a) (3) is analogous to bribery, in violation of Penal Law § 200.00 (*see Matter of Cuti*, 89 AD3d 97 [1982]), or to bribe receiving, in violation of Penal Law § 200.10 (*see Matter of Paulus*, 20 AD3d 761 [2005]; *Matter of Brennan*, 116 AD2d 414 [1986]; *see also Matter of Zisselman*, 2 AD3d 38

[2003] [this Court found that respondent's 18 USC § 1952 conviction was analogous to the state felony of extortion, in violation of Penal Law § 155.05 (2) (e) and § 155.30 (6)]; *Matter of Christiansen*, 220 AD2d 98, 99 [1996] [this Court found that respondent's federal conviction for racketeering in violation of 18 USC § 1962 was analogous to, among others, bribing a public official, in violation of Penal Law § 200.00]; *Matter of Neglia*, 146 AD2d 414 [2nd Dept 1989] [federal conviction for, inter alia, bribery and unlawfully receiving gratuity while a public official, in violation of 18 USC § 201 (c) and (g), are cognizable as class D felonies under Penal Law § 200.00]). As respondent's federal conviction of use of mail to promote and facilitate corrupt payments is "essentially similar" to a conviction under Penal Law § 200.00 (bribery in the third degree), he ceased being an attorney in New York upon entry of his guilty plea.

Accordingly, the Committee's petition to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) should be granted, effective nunc pro tunc to October 29, 2007 (date of guilty plea).

ANDRIAS, J.P., BUCKLEY, MOSKOWITZ, DEGRASSE and RICHTER, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 29, 2007.