*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                    D-29-15
_____

In the Matter of ERIK MUELLER,
    Also Known as ERIK W.
    MUELLER, a Suspended                DECISION AND ORDER
    Attorney.                              ON MOTION

(Attorney Registration No. 3966025)
_____

Calendar Date:  May 11, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

                        _____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Alison M. Coan of counsel), for Committee on Professional
Standards.


                        _____


Per Curiam.

        Erik Mueller was admitted to practice by this Court in
2001.  In October 2009, he was suspended from the practice of law
due to his failure to comply with the attorney registration
requirements (see Judiciary Law § 468-a; Matter of Attorneys in
Violation of Judiciary Law § 468-a, 65 AD3d 1447, 1469 [2009]).
Mueller currently resides in New Jersey, where he was previously
admitted in 2000.

        In 2011, Mueller pleaded guilty in the United States
District Court for the District of New Jersey to one count of
conspiracy to commit wire fraud in violation of 18 USC §§ 1343
and 1349.  He was sentenced to, among other things, a five-month
period of incarceration.  As a result of that conviction, the
Committee on Professional Standards now moves pursuant to
Judiciary Law § 90 (4) (a) and (b) for an order striking
Mueller's name from the roll of attorneys.  Mueller has not

replied or otherwise appeared in response to the motion.

An attorney convicted of a federal felony found to be essentially similar to a New York felony is automatically disbarred (see Judiciary Law § 90 [4] [a], [e]; Matter of Margiotta, 60 NY2d 147, 150 [1983]; Matter of Briggs, 115 AD3d 1149, 1150 [2014]). Conversely, an attorney convicted of a federal felony without such a New York analogue is guilty of a "serious crime" and shall be suspended by this Court until a final disciplinary order is entered (Judiciary Law § 90 [4] [d], [f]; see Matter of Johnston, 75 NY2d 403, 405 [1990]).

The Committee contends that conspiracy to commit wire fraud in violation of 18 USC §§ 1343 and 1349 is essentially similar to Penal Law § 190.65 (1) (b), scheme to defraud in the first degree, a class E felony. Upon our review, we conclude that the federal felony to which Mueller pleaded (see 18 USC §§ 1343, 1349) is not essentially similar for automatic disbarment purposes pursuant to Judiciary Law § 90 (4) (a) and (e). An elemental comparison of the two crimes establishes that the federal felony requires proof of additional facts that are not required in order to be convicted for the New York crime of scheme to defraud in the first degree. Moreover, while the First Department has found said crimes to be "essentially similar" for purposes of triggering automatic disbarment, said determinations have not relied on a New York analogue but, rather, were based upon review of the admissions that the respective attorneys made under oath during their federal plea allocutions and in conjunction with the subject federal indictment or information (Matter of Weisman, 124 AD3d 52, 53 [2014] [internal quotation marks and citation omitted]; accord Matter of Adams, 114 AD3d 1, 2-3 [2013]; Matter of Mercado, 1 AD3d 54, 55 [2003]). Given that the record here does not contain the relevant plea allocution, we need not decide whether to adopt this First Department test as our own.

Consequently, we deny the Committee's motion. We nonetheless conclude that Mueller has been convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d). Accordingly, we suspend Mueller from the practice of law pursuant to Judiciary Law § 90 (4) (f) until such time as a final

disciplinary order is made pursuant to Judiciary Law § 90 (4) (g), and further direct him to show cause why a final order of suspension, censure or removal from office should not be made (see e.g. Matter of Briggs, 115 AD3d 1149, 1151 [2014]; Matter of Park, 95 AD3d 1648, 1649 [2012]; Matter of Erikson, 53 AD3d 772, 773 [2008]).

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that the motion of the Committee on Professional Standards is denied; and it is further

ORDERED that Erik Mueller is suspended from the practice of law, effective immediately, until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g); and it is further

ORDERED that Erik Mueller is directed to show cause before this Court, within 20 days of the date of this decision, why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g); and it is further

ORDERED that, for the period of suspension, Erik Mueller is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and Mueller is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that Erik Mueller shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9).


ENTER:

Robert D. Mayberger
Clerk of the Court