*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: August 6, 2015        D-58-15
_____

In the Matter of ERIK MUELLER,
    Also Known as ERIK W.            MEMORANDUM AND ORDER
    MUELLER, a Suspended Attorney.         ON MOTION

(Attorney Registration No. 3966025)
_____


Calendar Date: June 23, 2015

Before: McCarthy, J.P., Lynch, Devine and Clark, JJ.

_____


     Monica A. Duffy, Committee on Professional Standards, Albany (Alison M. Coan of counsel), for Committee on Professional Standards.

     Erik Mueller, Howell, New Jersey, pro se.

_____


Per Curiam.

     Erik Mueller was admitted to practice by this Court in 2001. He was suspended from the practice of law, effective October 24, 2009, due to his failure to comply with the attorney registration requirements (Matter of Attorneys in Violation of Judiciary Law § 468-a, 65 AD3d 1447, 1469 [2009]). He was previously admitted to practice in New Jersey in 2000, where he maintains an office for the practice of law.

     By subsequent decision dated June 11, 2015, this Court suspended Mueller from the practice of law until such time as a final disciplinary order was entered (129 AD3d 1293, 1294 [2015]). The order was based upon Mueller's 2011 conviction in the United States District Court for the District of New Jersey to one count of conspiracy to commit wire fraud in violation of 18 USC §§ 1343 and 1349, a federal felony, which this Court determined to be a serious crime (id. at 1294; see Judiciary Law

§ 90 [4] [d]).  We further directed that Mueller show cause why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g) (129 AD3d at 1294).  In mitigation, Mueller submitted a certification with exhibits in response to the order to show cause.

Upon consideration of the facts and circumstances, the nature of Mueller's conviction, his failure to file a copy of the record of his conviction with this Court (see Judiciary Law § 90 [4] [c]), his persistently delinquent registration status and failure to pay biennial dues for seven consecutive periods (see Judiciary Law § 468-a) and the underlying misconduct, we conclude that Mueller should be disbarred (see Matter of Briggs, 120 AD3d 1522, 1523 [2014]; see also Matter of Marshall, 58 AD3d 1066, 1066-1067 [2009]).

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that Erik Mueller is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, pursuant to Judiciary Law § 90 (4) (g); and it is further

ORDERED that Erik Mueller is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and Mueller is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that Erik Mueller shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (<u>see</u> Rules of App Div, 3d Dept [22 NYCRR] § 806.9).

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court