*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 21, 2016          D-25-16
_____

In the Matter of CHARLES P.
    MURDTER, an Attorney.

COMMITTEE ON PROFESSIONAL
    STANDARDS,                                MEMORANDUM AND ORDER
                   Petitioner;

CHARLES P. MURDTER,
                   Respondent.

(Attorney Registration No. 1708148)
_____

Calendar Date:  March 28, 2016

Before:  Lahtinen, J.P., McCarthy, Lynch, Clark and Mulvey, JJ.

                   _____

    Monica A. Duffy, Committee on Professional Standards,
Albany (Alison M. Coan of counsel), for petitioner.

                   _____

Per Curiam.

    Charles P. Murdter was admitted to practice by this Court
in 1981.  He was subsequently admitted in the District of
Columbia in 1983 — where he presently maintains an office for the
practice of law — and in California in 1997.

    In April 2011, Murdter pleaded guilty to two misdemeanor
counts of contempt of court in the Superior Court of the District
of Columbia.  The guilty plea arose out of Murdter's neglect of
various criminal appeals to which he had been assigned by the
federal District of Columbia Court of Appeals, which ultimately
resulted in that Court vacating his assignments and issuing an
order to show cause why he should not be held in criminal
contempt.  Murdter was thereafter sentenced to four months of
incarceration; however, the execution of the sentence was
suspended in lieu of nine months of unsupervised probation,

subject to certain conditions.

Murdter's conviction for criminal contempt constitutes a "serious crime" as that term is defined in Judiciary Law § 90 (4) (d) (see Matter of Tatko, 55 AD3d 1127, 1128 [2008]; see also Matter of Samuel, 103 AD3d 134, 136-137 [2013]; Matter of Green, 72 AD3d 142, 142 [2010]; Matter of Brecker, 309 AD2d 77, 78 [2003]). The Committee on Professional Standards now moves for a final order of discipline pursuant to Judiciary Law § 90 (4) (g) as Murdter has been convicted and sentenced. Murdter has not responded or otherwise appeared on the motion.

Upon consideration of the facts and circumstances, especially the nature of Murdter's conviction, his failure to timely file a copy of the record of his conviction with this Court (see Judiciary Law § 90 [4] [c]), the underlying professional misconduct and his disinterest in his fate as an attorney as evidenced by his lack of response in this matter, we grant the Committee's uncontested motion for such relief and conclude that Murdter should be suspended from the practice of law for a period of six months, effective immediately (see Matter of Avigdor, 105 AD3d 1247, 1248 [2013]; see also Matter of Mueller, 131 AD3d 762, 762 [2015]; Matter of Briggs, 120 AD3d 1522, 1523 [2014]).

Lahtinen, J.P., McCarthy, Lynch, Clark and Mulvey, JJ., concur.


ORDERED that the motion of the Committee on Professional Standards is granted; and it is further

ORDERED that Charles P. Murdter is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court; and it is further

ORDERED that, for the period of suspension, Charles P. Murdter is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or

employee of another; and Murdter is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further,

ORDERED that Charles P. Murdter shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9).

ENTER:

Robert D. Mayberger
Clerk of the Court