*State of New York*
*Supreme Court, Appellate Division*

Decided and Entered:  December 1, 2016             D-68-16
_____

In the Matter of DOUGLAS D.
    SHEEHAN, a Suspended Attorney.         MEMORANDUM AND ORDER
                                                ON MOTION
(Attorney Registration No. 3039476)

_____

Calendar Date:  October 17, 2016

Before:  McCarthy, J.P., Garry, Egan Jr., Rose and Devine, JJ.

_____

        Monica A. Duffy, Attorney Grievance Committee for the Third
Judicial Department, Albany (Michael K. Creaser of counsel), for
Attorney Grievance Committee for the Third Judicial Department.

_____

Per Curiam.

        Respondent, a resident of Connecticut, was admitted to
practice in that jurisdiction in 1999.  He was admitted to the
practice of law by this Court in 2000.

        Following respondent's indefinite interim suspension from
the practice of law by order of the Superior Court of Connecticut
in November 2009, this Court, by order entered April 8, 2010,
similarly placed respondent on interim suspension until further
order of the Court (72 AD3d 1270 [2010]).  Respondent has not
applied for reinstatement and said suspension remains in effect.
This Court has now been advised that respondent was convicted in
November 2010 of conspiracy to commit wire fraud (see 18 USC §
1349) and wire fraud (see 18 USC § 1343) in the United States
District Court for the District of Connecticut.  Further, in
2011, respondent pleaded guilty in Connecticut to operation of a
motor vehicle while under the influence of alcohol (hereinafter
DWI), which, due to respondent's previous 2006 DWI conviction, is
deemed a felony in Connecticut (see Connecticut General Statutes

§ 14-227a; see also McCoy v Commissioner of Public Safety, 300 Conn 144 [2011]).  In November 2013, respondent agreed to an order extending his suspension from the practice of law in Connecticut.  To date, said suspension remains in place.

The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves pursuant to Judiciary Law § 90 (4) (a) and (b) for an order striking respondent's name from the roll of attorneys on the basis that he has been automatically disbarred due to his felony convictions.  Alternatively, AGC moves pursuant to Uniform Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 to impose discipline upon respondent in this state based upon his suspension in Connecticut.[1]  Respondent has not replied or otherwise responded to AGC's motion.

As relevant herein, "[a]n attorney convicted of a felony in [a foreign jurisdiction that is] essentially similar to a New York felony is automatically disbarred" (Matter of Park, 95 AD3d 1648, 1648 [2012]; see Judiciary Law § 90 [4] [a], [e]).  While we do not find that respondent's federal felony convictions of wire fraud and conspiracy to commit wire fraud meet this standard under the circumstances herein (see Matter of Mueller, 129 AD3d 1293, 1294 [2015]), we are persuaded that respondent's 2011 felony DWI conviction in Connecticut is essentially similar to the New York felony of DWI in violation of Vehicle and Traffic Law § 1192 (2) and (3) and § 1193 (1) (c).  Similar to those New York statutes, the elements of Connecticut General Statutes § 14-227a include the requirements of operating a motor vehicle while

---

[1]  AGC also notes that respondent failed to notify this Court of any of his convictions as required by Judiciary Law § 90 (4) (c); nor did he file a copy of the 2013 Connecticut disciplinary order with this Court within 30 days as required by Rules of the Appellate Division, Third Department (22 NYCRR) former § 806.19 (b) (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]).  Additionally, respondent is currently delinquent in this state with respect to his biennial attorney registration obligation (see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [h]).

under the influence of alcohol with a blood alcohol content of .08% or more by weight of alcohol. Moreover, Connecticut and New York law both elevate such a conviction to a felony where there has been a previous DWI conviction within the past 10 years (compare Vehicle and Traffic Law § 1193 [1] [c], with Connecticut General Statutes § 14-227a [g] [2] and McCoy v Commissioner of Public Safety, 300 Conn at 145). Consequently, it is our view that respondent's Connecticut DWI conviction is a proper predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (b) as an analogue felony. Thus, our sole ministerial obligation herein is to publicly confirm respondent's disbarred status by now striking his name from the roll of attorneys nunc pro tunc to the date of his guilty plea, July 1, 2011 (see Matter of Dawson, 133 AD3d 1083, 1084 [2015]; Matter of Sanderson, 119 AD3d 1318, 1318 [2014]).

Finally, given this result, it is unnecessary to address AGC's alternative request for the imposition of discipline based upon respondent's 2013 suspension in Connecticut.

McCarthy, J.P., Garry, Egan Jr., Rose and Devine, JJ., concur.

ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further

ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to July 1, 2011; and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

    ORDERED that respondent shall comply with the provisions of the Uniform Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).


                        ENTER:

                        *Robert D Mayberger*

                        Robert D. Mayberger
                        Clerk of the Court