■ In the Matter of ANTHONY HERNANDEZ, a Suspended Attorney. [66 NYS3d 577]—

Per Curiam. Respondent was admitted to practice by this Court in 1992. He currently resides in Connecticut, where he was previously admitted that same year. By June 1999 order, respondent was suspended from the practice of law in New

York due to conduct prejudicial to the administration of justice flowing from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a (*Matter of Attorneys in Violation of Judiciary Law § 468-a*, 262 AD2d 702, 704 [1999]).

As a result of, among other things, his involvement in a scheme to defraud a lender during the course of his ownership of a car dealership, respondent pleaded guilty to one count of wire fraud in violation of 18 USC § 371 in December 2005. Respondent's plea agreement was accepted by the United States District Court for the District of Connecticut and, by judgment filed April 29, 2010, he was sentenced to 366 days in prison and ordered to pay a fine in the amount of $10,000. As a result of his conviction, in August 2015, respondent was suspended from the practice of law in Connecticut. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has now moved, by order to show cause marked returnable October 16, 2017, to impose discipline upon respondent pursuant to Judiciary Law § 90 (4), Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.12. Alternatively, AGC moves pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 to impose discipline upon respondent in this state based upon his suspension in Connecticut, and based upon his continuing delinquency in this state with respect to his biennial attorney registration obligation (*see* Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [h]). Respondent has not responded or otherwise appeared on the motion.

Inasmuch as this matter is now ripe for a final order of discipline (*see* Judiciary Law § 90 [4] [g]), we grant that part of AGC's uncontested motion seeking to impose discipline upon respondent due to his conviction of a serious crime and turn to the inquiry of the appropriate discipline (*see Matter of Bouchard*, 132 AD3d 1228, 1229 [2015]; *Matter of Joslin*, 289 AD2d 775, 775 [2001]).* In aggravation of his misconduct, we note that respondent failed to advise this Court of his conviction within 30 days (*see* Judiciary Law § 90 [4] [c]; *Matter of Briggs*, 120 AD3d 1522, 1523 [2014]), nor did he advise us of his prior discipline in Connecticut (*see Matter of Sgambettera*, 144 AD3d 1488, 1489 [2016]; Rules of App Div, 3d Dept [22

---

* Having concluded that respondent committed a serious crime, we need not address those aspects of AGC's motion seeking to discipline respondent for his ongoing registration delinquency or on account of his Connecticut discipline (*see Matter of Sheehan*, 145 AD3d 1180, 1181 [2016]).

NYCRR] former § 806.19 [b]). Moreover, respondent's biennial registration delinquency is egregious, having failed to register for the last 11 reporting periods (*see Matter of Nichols*, 152 AD3d 1044, 1045 [2017]). Based upon these factors, respondent's clear disinterest in his fate as an attorney, as well as our consideration of all the facts and circumstances, we conclude that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state (*see Matter of Murdter*, 138 AD3d 1344, 1345 [2016]; *Matter of Tatko*, 55 AD3d 1127, 1128 [2008]).

Peters, P.J., McCarthy, Rose, Clark and Aarons, JJ., concur. Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).