Matter of DeMelo (2018 NY Slip Op 04419)





Matter of DeMELO


2018 NY Slip Op 04419


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018


[*1]In the Matter of LUCIA CORDEIRO DeMELO, a Suspended Attorney. (Attorney Registration No. 2764678)

Calendar Date: April 23, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Lucia C. DeMelo, Danbury, Connecticut, respondent pro se.



MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 1996. She currently resides in Connecticut, where she was previously
admitted that same year. By January 2014 order, respondent was suspended from the practice of law in New York due to conduct prejudicial to the administration of justice resulting from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1029 [2014]). She remains suspended to date.
Resulting from her involvement in a scheme to defraud certain mortgage lenders, respondent pleaded guilty in June 2010 to one count of conspiracy to commit mail and wire fraud in violation of 18 USC § 1349 in the United State District Court of the District of Connecticut, and she was sentenced in April 2012
to 366 days in prison with three years of postrelease supervision. As a result of her conviction, the Superior Court of Connecticut for the Judicial District of Danbury suspended respondent from the practice of law in Connecticut for four years, effective June 3, 2012. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has therefore moved, by order to show cause marked returnable April 23, 2018, to impose discipline upon respondent due to her "serious crime" conviction pursuant to Judiciary Law § 90 (4), Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.12. Alternatively, AGC moves pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 to impose discipline upon respondent in this state based upon her suspension in Connecticut and her continued and extensive delinquency in this [*2]state with respect to her biennial attorney registration obligations (see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [h]). Respondent has responded to AGC's motion, advising that her failure to notify this Court of her Connecticut conviction was based upon the fact that she had already been suspended in this state for failing to maintain her attorney registration requirements. She does not contest the continuation of her suspension and otherwise offers no arguments or documentation contesting AGC's motion or in mitigation of any further potential discipline.[FN1]
As a threshold matter, we note that a necessary element of conspiracy to commit mail and wire fraud includes an act of fraud on the part of the defendant. Accordingly, we conclude that respondent's conviction for violating 18 USC § 1349 is a "serious crime" as defined by Judiciary Law § 90 (4) (d). Inasmuch as this matter is now ripe for a final order of discipline, we may turn to the inquiry of the appropriate discipline to be imposed (see Matter of Bouchard, 132 AD3d 1228, 1229 [2015]; Matter of Kremner, 123 AD3d 1219, 1219 [2014]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [c] [2] [v]).[FN2]
In determining the appropriate discipline in this matter, we take note of the nature of respondent's conduct underlying her conviction (see Matter of Mueller, 131 AD3d 762, 762 [2015]; Matter of Briggs, 120 AD3d at 1523). Specifically, respondent's use of her law license to perpetrate a scheme to defraud mortgage lenders directly implicates the honor and integrity of the profession by eroding the public's trust in attorneys (see Matter of Hernandez, 156 AD3d 1109, 1111 [2017]). Moreover, the severity of her misconduct is evidenced by the amount defrauded from the mortgage lender victims as a result of her actions, which totaled nearly $1 million. We find that the foregoing conduct, coupled with respondent's persistent biennial registration delinquency that spans the last six reporting periods (see Matter of Nichols, 152 AD3d 1044, 1045 [2017]), warrants significant discipline. Accordingly, we conclude that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state (see Matter of Hernandez, 156 AD3d at 1110-1111; Matter of Mueller, 131 AD3d at 762).
Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We take this opportunity to remind the bar that an attorney's failure to advise this Court of his or her conviction of a criminal offense within 30 days (see Judiciary Law § 90 [4] [c]; Matter of Briggs, 120 AD3d 1522, 1523 [2014]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [a]) is not excused by ignorance of that obligation. We further note that, here, respondent also failed to advise this Court of the corresponding discipline in Connecticut (see Matter of Sgambettera, 144 AD3d 1488, 1489 [2016]; Rules of the App Div, 3d Dept [22 NYCRR] former § 806.19 [b]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]).

Footnote 2: Having concluded that respondent committed a serious crime, we need not address those aspects of AGC's motion seeking to discipline respondent for her ongoing registration delinquency or on account of her Connecticut discipline (see Matter of Sheehan, 145 AD3d 1180, 1181 [2016]).