Matter of Ferriero (2019 NY Slip Op 03875)





Matter of Ferriero


2019 NY Slip Op 03875


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

[*1]
In the Matter of JOSEPH ANTHONY FERRIERO, an Attorney. 

(Attorney Registration No.2605061)

Calendar Date: April 8, 2019




Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Rumsey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Sarah A. Richards of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
 Respondent was admitted to practice by this Court in 1994, having previously been admitted in New Jersey in 1982. He lists a business address in Hackensack, New Jersey with the Office of Court Administration.
In April 2015, following a jury trial in the United States District Court for the District of New Jersey, respondent was found guilty of three federal felonies, namely, using interstate mail and facilities to promote bribery (see 18 USC § 1952), racketeering in violation of the RICO statutes (see 18 USC § 1962 [c]) and wire fraud (see 18 USC § 1343)[FN1]. These convictions all stemmed from respondent's involvement in several bribery schemes undertaken in his former capacity as Chair of the Bergen County Democratic Organization. Respondent was sentenced to, among other things, concurrent 35-month prison terms on all counts. Respondent failed to report these convictions to this Court within 30 days thereof as required by Judiciary Law § 90 (4) (c) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (a).[FN2]
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves for an order striking respondent's name from the roll of attorneys, nunc pro tunc to the date of his felony conviction in federal court, contending that one of his felony convictions resulted in his automatic disbarment in this state (see Judiciary Law § 90 [4] [a], [b]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [c] [1]; Rules of App Div, 3d Dept [22 NYCRR] § 806.12). In the [*2]alternative, AGC seeks to impose discipline based upon respondent's conviction of "serious crime[s]" (Judiciary Law § 90 [4] [d], [g]). To date, respondent has not responded or replied to the motion.
Significantly, "[a]n attorney convicted of a felony in [a foreign jurisdiction that is] essentially similar to a New York felony is automatically disbarred" (Matter of Park, 95 AD3d 1648, 1648 [2012]; Judiciary Law § 90 [4] [a], [e]; Matter of Sheehan, 145 AD3d 1180, 1181 [2016]). Although respondent's federal felony convictions of racketeering and wire fraud do not meet this standard (see e.g. Matter of Mueller, 129 AD3d 1293 [2015]; Matter of Erikson, 53 AD3d 772 [2008]; Matter of Kagan, 184 AD2d 912 [1992]), we agree with AGC that respondent's conviction of the federal crime of using the mail to promote bribery is sufficiently comparable to the New York felony of bribe receiving in the third degree (see Penal Law § 200.10) so as to warrant his automatic disbarment in this state pursuant to Judiciary Law § 90 (4) (b) (see Matter of Paulus, 20 AD3d 761, 762 [2005]; see also Matter of Meiterman, 67 AD3d 50 [2009]; Matter of Brennan, 116 AD2d 414 [1986]). Given this conclusion, our sole ministerial obligation is to publicly confirm respondent's disbarred status by striking his name from the roll of attorneys nunc pro tunc to the date of his conviction, April 16, 2015 (see Matter of Hand, 164 AD3d 1006, 1009 [2018]; Matter of Goncalves, 161 AD3d 1377, 1379 [2018]; Matter of Sheehan, 145 AD3d at 1181).[FN3]
Garry, P.J., Egan Jr., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to April 16, 2015; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: By August 2017 order, the United State Court of Appeals for the Third Circuit affirmed respondent's conviction (United States v Ferriero, 866 F3d 107 [2016], cert denied ___ US ___, 138 S Ct 1031 [2018]).

Footnote 2: By July 2015 order, the Supreme Court of New Jersey suspended respondent on an interim basis pending the final resolution of disciplinary charges related to respondent's convictions (Matter of Ferriero, 222 NJ 34 [2015]), and that suspension remains extant.

Footnote 3: In light of this result, it is unnecessary to address AGC's alternative request for the imposition of discipline based upon respondent's convictions of racketeering and wire fraud.