Matter of Farrace (2019 NY Slip Op 04809)





Matter of Farrace


2019 NY Slip Op 04809


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: June 13, 2019
[*1]
In the Matter of ROBERT FREDERICK FARRACE, an Attorney. 

(Attorney Registration No.2734754)

Calendar Date: April 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Robert Frederick Farrace, California, respondent pro se.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1996, having previously been admitted in California in 1994. He presently lists a California business address with the Office of Court Administration.
In November 2017, following a jury trial in the United States District Court for the Eastern District of California, respondent was found guilty of three counts of wire fraud (see 18 USC § 1343). These convictions stemmed from respondent's use of wire communications in interstate and foreign commerce to facilitate his operation of a limited liability company wholly owned by himself to serve as a straw buyer to effectuate short-sale offers for his own properties. Notably, the lender's rules required such sales to be at arm's length. Respondent was sentenced to concurrent 24-month prison terms on all counts. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause made returnable April 15, 2019, for discipline to be imposed upon respondent's conviction of "serious crime[s]" (Judiciary Law § 90 [4] [d], [g]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12; Rules of the Appellate Division, Third Department [22 NYCRR] § 806.12]). Respondent has filed an affidavit in opposition.
Initially, we note our agreement with AGC's contention that respondent's felony convictions of wire fraud — although not New York analogue felonies — nonetheless constitute serious crimes subject to significant disciplinary sanction (see Judiciary Law § 90 [4] [d]; see e.g. Matter of Mueller, 129 AD3d 1293 [2015]; Matter of Erikson, 53 AD3d 772 [2008]). Further, inasmuch as a judgment of conviction has been rendered (see Matter of Delany, 87 NY2d 508, 512 [1996]), this matter is now ripe for a final order of discipline (see Judiciary Law § 90 [4] [g])[FN1]. Accordingly, we grant AGC's motion seeking to impose discipline upon respondent due to his conviction of a serious crime. Moreover, based upon our consideration of all the facts and [*2]circumstances, we conclude that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state (see e.g. Matter of DeMelo, 162 AD3d 1303 [2018; Matter of Hernandez, 156 AD3d 1109 [2017]; Matter of Mueller, 131 AD3d 762 [2015]).
Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We are not persuaded by respondent's contention that this Court should merely suspend him on an interim basis until his pending appeal is resolved.