Matter of Scarpa (2020 NY Slip Op 02034)





Matter of Scarpa


2020 NY Slip Op 02034


Decided on March 25, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
COLLEEN D. DUFFY, JJ.


2019-06675

[*1]In the Matter of John Anthony Scarpa, admitted as John Anthony Scarpa, Jr., an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; John Anthony Scarpa, respondent. (Attorney Registration No. 1831528)



MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 27, 1982.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for petitioner.
John A. Scarpa, named herein as John Anthony Scarpa, Kew Gardens, NY, respondent pro se.



PER CURIAM


OPINION & ORDER
.On May 23, 2019, in the United States District Court for the Eastern District of New York, the respondent was convicted after a jury trial of the two counts of which he was charged: (1) use of interstate facilities in aid of racketeering, in violation of 18 USC § 1952(a)(3)(A), and (2) conspiracy to use interstate facilities in aid of racketeering, in violation of 18 USC §§ 371 and 1952(a)(3)(A).
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent submitted an affirmation dated June 20, 2019, in which he did not oppose the Grievance Committee's motion to strike his name from the roll of attorneys and counselors-at-law.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the plea allocution and/or trial record (see Matter of Woghin, 64 AD3d 5; Matter of Ashley, 263 AD2d 70).
The Grievance Committee contends that a conviction pursuant to the Travel Act (18 USC § 1952) where the underlying unlawful activity is bribery is essentially similar to the New York felony of bribing a witness in violation of Penal Law § 215.00, which provides:
"A person is guilty of bribing a witness when he [or she] confers, or offers or agrees to confer, any benefit upon a witness or a person about to be called as a witness in any action or proceeding upon an agreement or understanding that (a) the testimony of such witness will thereby be influenced" (see Matter of Brennan, 116 AD2d 414, 415; Matter of Cuti, 89 AD2d 97).
At the respondent's trial, a jury found him guilty of using a cell phone to bribe a witness by offering the witness a benefit in exchange for testimony favorable to the respondent's client at a trial.
Under the circumstances of this case, we conclude that the respondent's convictions under the Travel Act, in violation of 18 USC § 1952(a)(3)(A), constitute a felony within the meaning of Judiciary Law § 90(4)(e). By virtue of his convictions of a federal felony, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of May 23, 2019.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and DUFFY, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, John Anthony Scarpa, admitted as John Anthony Scarpa, Jr., from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, John Anthony Scarpa, admitted as John Anthony Scarpa, Jr., is disbarred, effective May 23, 2019, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, John Anthony Scarpa, admitted as John Anthony Scarpa, Jr., shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, John Anthony Scarpa, admitted as John Anthony Scarpa, Jr., is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, John Anthony Scarpa, admitted as John Anthony Scarpa, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court