[996 NYS2d 42]

In the Matter of GREGORY S. WEISMAN (Admitted as GREGORY SCOTT WEISMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 20, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Gregory Scott Weisman*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Gregory S. Weisman was admitted to the practice of law in the State of New York by the First Judicial Department on June 4, 2002, under the name Gregory Scott Weisman. At all times relevant to this proceeding, respondent maintained a registered business address in Moorestown, New Jersey.

On November 8, 2013, respondent pleaded guilty in the United States District Court for the District of New Jersey, to a one-count felony information charging him with conspiracy to violate the Foreign Corrupt Practices Act (15 USC § 78dd-1 *et seq.*), and the wire fraud statute (18 USC §§ 371, 1343).

The Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that his federal conviction is a proper predicate for automatic disbarment as defined by Judiciary Law § 90 (4) (e). Respondent pro se does not contest the Committee's petition.

A conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law (Judiciary Law § 90 [4] [e]; *Matter of Rosenthal*, 64 AD3d 16, 18 [1st Dept 2009]). The federal felony need not be a "mirror image" of the New York felony in that it need not correspond in every detail, but it must be "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]).

The underlying federal felony of conspiracy to commit wire fraud has "no direct felony analog[ ] under New York law" (*Matter of Mercado*, 1 AD3d 54, 55 [1st Dept 2003]; *see also Matter of Sheinbaum*, 47 AD3d 49, 50 [1st Dept 2007]). However, a conviction of a federal felony will trigger automatic disbarment if the offense would also constitute a felony under New York law (*see Matter of Margiotta*, 60 NY2d at 150; *Matter of Sorin*, 47 AD3d 1, 3 [1st Dept 2007]). Essential similarity between the elements of the federal offense and a New York felony may be established in the admissions under oath made during a respondent's federal plea allocution, which may be read in conjunction with the federal indictment or information (*see Matter of Adams*, 114 AD3d 1, 2-3 [1st Dept 2013]; *Matter of Philwin*, 108 AD3d 129, 132 [1st Dept 2013]).

During his plea allocution in federal court, respondent admitted to conduct that would constitute the New York felony of

scheme to defraud in the first degree, a class E felony (*see* Penal Law § 190.65 [1] [b]), which requires proof that a person

"engage[d] in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtain[ed] property with a value in excess of one thousand dollars from one or more such persons."

Specifically, respondent admitted that while employed as an officer and general counsel for PetroTiger, Ltd. (PetroTiger), a British Virgin Islands oil and gas services company, he conspired with two other executives at PetroTiger to bribe an official with the government of Colombia in order to secure approval for an oil services contract in the Republic of Colombia on behalf of PetroTiger. Respondent further admitted that in connection with the acquisition of a Colombian oil company, he and the two other executives engaged in a fraudulent scheme to obtain kickback payments totaling approximately $400,000 at the expense of their investing partners. As a result of his participation in this scheme, respondent received $51,618, which he forfeited as part of his plea agreement.

Respondent's admitted conduct satisfies the elements of scheme to defraud in the first degree. He is therefore subject to automatic disbarment under Judiciary Law § 90 (4) (b) and (e) (*see Matter of Adams*, 114 AD3d at 3; *Matter of Sheinbaum*, 47 AD3d at 51). Although not yet sentenced, respondent ceased to be an attorney and counselor-at-law upon the foregoing felony conviction (Judiciary Law § 90 [4] [a]; *Matter of Ehrlich*, 146 AD2d 428, 428-429 [1st Dept 1989]).

Based on the foregoing, there is no need for this Court to address the issue of whether respondent's conviction for conspiracy to violate the Foreign Corrupt Practices Act is analogous to a New York felony.

Finally, as pointed out by the Committee, the fact that respondent has not been sentenced does not make this petition untimely since, "for purposes of disciplinary proceedings, a conviction calls for automatic disbarment at the time of plea or verdict rather than upon imposition of sentence" (*Matter of Carpenter*, 305 AD2d 19, 20 [1st Dept 2003]; *see also Matter of Ramirez*, 7 AD3d 52, 53 [1st Dept 2004]).

Accordingly, the Disciplinary Committee's petition should be granted and respondent's name stricken from the roll of at-

torneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to November 8, 2013.

GONZALEZ, P.J., SAXE, DEGRASSE, RICHTER and CLARK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 8, 2013.