[24 NYS3d 608]

In the Matter of MICHAEL S. FEUER (Admitted as MICHAEL SETH FEUER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 28, 2016

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Remi E. Shea* of counsel), for petitioner.
*Michael S. Feuer*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Michael Seth Feuer was admitted to the practice of law in the State of New York by the First Judicial Department on December 4, 1989. By order of April 2, 2009, this Court suspended respondent pursuant to Judiciary Law §§ 90 (2) and 468-a, until further order of this Court, for failure to file attorney registration statements and to pay biennial registration fees (*Matter of Attorneys in Violation of Judiciary Law § 468-a*, 64 AD3d 187 [1st Dept 2009]).

On April 2, 2012, respondent pleaded guilty in the United States District Court for the District of New Jersey to conspiracy to commit wire fraud in violation of 18 USC §§ 1343 and 1349, a felony. Respondent admitted to conspiring with others to wrongfully obtain over $1.4 million by, among other things, diverting life insurance premium payments belonging to employees of Fastener Dimensions to bank accounts the conspirators controlled. Respondent was sentenced to 12 months and one day of imprisonment and to two years of supervised release. In addition, he was directed to pay $115,963 in restitution.

By order of August 5, 2013, the Supreme Court of New Jersey temporarily suspended respondent based on his federal conviction (*Matter of Feuer*, 214 NJ 620, 70 A3d 662 [2013]). By order of September 5, 2013, defendant was disbarred in New Jersey by consent (*Matter of Feuer*, 215 NJ 301, 72 A3d 245 [2013]).

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the grounds that he was convicted of a felony as defined by Judiciary Law § 90 (4) (e) and has therefore been automatically disbarred; or, in the alternative, determining that the crime of which respondent was convicted is a "serious crime" (Judiciary Law § 90 [4] [d]; Rules of App Div, 1st Dept [22 NYCRR] § 603.12 [b]); immediately suspending him from the practice of law (Judiciary Law § 90 [4] [f]); and directing respondent to show cause before a referee or hearing panel as to why a final order of censure, suspension or disbarment should not be made (Judiciary Law

§ 90 [4] [g]). Although respondent was served with the instant petition at his last known address, he has not submitted a response.

An attorney convicted of a federal felony found to be essentially similar to a New York felony is automatically disbarred (see Judiciary Law § 90 [4] [a], [e]; Matter of Margiotta, 60 NY2d 147, 150 [1983]). Essential similarity can be established by comparing the language of the applicable federal and state felony statutes, as well as by examining its own precedent. If this analysis is inconclusive, essential similarity can be determined by plea admissions or evidence adduced at trial, read in conjunction with the indictment or information (see Matter of Adams, 114 AD3d 1, 2-3 [1st Dept 2013]; Matter of Deutsch, 286 AD2d 91 [1st Dept 2001]).

Respondent's plea admissions, read in conjunction with the information to which he pleaded guilty, make his conviction under 18 USC §§ 1343 and 1349 essentially similar to a New York felony conviction of scheme to defraud in the first degree under Penal Law § 190.65 (1) (b). Respondent admitted, inter alia, that from November 2005 through August 2010, he knowingly and intentionally conspired to devise and engaged in a scheme to defraud and obtain money from Fastener employees by false or fraudulent pretenses, and that he and his coconspirators wrongfully obtained over $1.4 million as a result thereof (see e.g. Matter of Weisman, 124 AD3d 52, 53 [1st Dept 2014]; Matter of Adams, 114 AD3d at 2-3; Matter of Sheinbaum, 47 AD3d 49, 50 [1st Dept 2007]).

Accordingly, the Committee's petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to his April 2, 2012 date of conviction.

MAZZARELLI, J.P., SWEENY, ACOSTA, RENWICK and ANDRIAS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.