[43 NYS3d 755]

In the Matter of DAVID J. BODEN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 5, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*David J. Boden,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent David J. Boden was admitted to the practice of law in the State of New York by the First Judicial Department on May 4, 1987. At all times relevant herein, respondent maintained a registered business address in Florida, where he resides but is not admitted to practice.

On October 23, 2014, respondent pleaded guilty in the United States District Court for the Southern District of Florida to conspiracy to commit wire fraud in violation of 18 USC § 371, a felony. Respondent's conviction arose out of his involvement in a Ponzi scheme orchestrated by disbarred Florida attorney Scott Rothstein, through his now defunct law firm, which respondent had been a non-equity shareholder of. Prior to 2009, Rothstein, through his law firm, devised a fraudulent scheme involving fictitious confidential settlements. In 2009, respondent and codefendant Richard L. Pearson, a broker, engaged in a conspiracy to broker the sale of Rothstein's purported confidential settlement agreements to investors. Rothstein paid Pearson a sales commission for each investment brokered, and Pearson in turn paid a portion of the commissions to respondent.

On January 30, 2015, respondent was sentenced to 18 months' imprisonment and one year of supervised release after his incarceration.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the grounds that he was convicted of a felony as defined by Judiciary Law § 90 (4) (e), and has therefore been automatically disbarred; or, in the alternative, determining that the crime of which respondent

has been convicted is a "serious crime" (Judiciary Law § 90 [4] [d]; Rules of App Div, 1st Dept [22 NYCRR] § 603.12 [b]); immediately suspending him from the practice of law (Judiciary Law § 90 [4] [f]); and directing him to show cause before a referee or hearing panel as to why a final order of censure, suspension or disbarment should not be made (Judiciary Law § 90 [4] [g]). The Committee notes that respondent failed to report his 2014 conviction as required by Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (f).

Respondent opposes the Committee's petition and requests that it be denied in its entirety, or, in the alternative, that he be granted a hearing.

A conviction of a federal felony does not trigger automatic disbarment, no matter how serious the felony is, unless the federal felony at issue would constitute a felony under New York Penal Law (Judiciary Law § 90 [4] [e]; *Matter of Rosenthal*, 64 AD3d 16, 18 [1st Dept 2009]).

For a determination that a federal felony has a New York analogy, the federal felony does not have to be a "mirror image" of a New York felony but must be "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). Thus, we must compare the applicable federal and state felony statutes, as well as look to our own precedent on this issue. If this initial analysis is inconclusive, "essential similarity" can be established by admissions made under oath during a plea allocution, read in conjunction with the indictment or information (*see Matter of Adams*, 114 AD3d 1, 2-3 [1st Dept 2013]; *Matter of Lin*, 110 AD3d 186, 187 [1st Dept 2013]; *Matter of Sorin*, 47 AD3d 1, 3 [1st Dept 2007]).

The Committee contends that "automatic" disbarment is warranted because respondent's federal conviction for conspiracy to commit wire fraud under 18 USC § 371, if committed in New York, would constitute the New York felony of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]).

Although the federal felony of conspiracy to commit wire fraud has no direct felony analogue under New York law, the Committee contends that respondent's plea admissions, read in conjunction with the information to which he pleaded guilty, satisfy the elements of Penal Law § 190.65 (1) (b) because he admitted that over a period of time he and coconspirator Pearson caused investors to transfer funds by interstate wire transfer to invest in approximately five confidential settlement agreements through material omissions and misrepresenta-

tions as to the sales commissions he and Pearson were to receive and thereby caused them to incur losses of more than $1 million but less than $2.5 million. In addition, the Committee relies on respondent's admission in his written plea agreement that investor losses exceeded $1 million.

As a result, we find respondent's admitted conduct satisfies the elements of the New York felony of scheme to defraud in the first degree (*see Matter of Goldfarb*, 141 AD3d 90 [1st Dept 2016]; *Matter of Treffinger*, 11 AD3d 185 [1st Dept 2004], *lv denied* 4 NY3d 703 [2005]).

Moreover, respondent's assertion that the 11th Circuit Court of Appeals may expunge his conviction based on a motion he has yet to file is pure speculation, and respondent's request for a postponement of this proceeding should be denied because, possible postconviction challenges notwithstanding, he was disbarred by operation of law at the time of his conviction.

Accordingly, the Committee's petition should be granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to October 23, 2014.

SWEENY, J.P., ACOSTA, ANDRIAS, MANZANET-DANIELS and WEBBER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 23, 2014.