[55 NYS3d 229]

In the Matter of DOUGLAS KUBER, an Attorney, Respondent. AT-
TORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DE-
PARTMENT, Petitioner.

First Department, June 6, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Sinan Aydiner* of counsel), for petitioner.

*Douglas Kuber*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Douglas Kuber was admitted to the practice of law in the State of New York by the First Judicial Department on February 15, 2000. Although respondent's last registered address was in Florida, this Court has jurisdiction over him based on his admission in the First Department (*see Matter of Obten*, 110 AD3d 255, 256 [1st Dept 2013]).

On October 11, 2012, respondent was convicted of a felony offense in the United States District Court for the District of Maryland, upon his plea of guilty to a single count information charging him with conspiracy to commit wire fraud in violation of 18 USC §§ 1349 and 2. On August 9, 2016, respondent was sentenced to serve a term of 48 months' incarceration followed by three years of supervised release. Respondent was also ordered to pay restitution in the amount of $105,565,223.

The Attorney Grievance Committee (the Committee) moves for an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (c) (1), on the basis that he was convicted of a felony as defined by Judiciary Law § 90 (4) (e) and should be disbarred automatically. In the alternative, the Committee seeks an order determining that respondent has committed a "serious crime" as defined by Judiciary Law § 90 (4) (d), immediately suspending respondent from the practice of law, and directing him to show cause before a referee why a final order of censure, suspension, or disbarment should not be made (Judiciary Law § 90 [4] [f], [g]; 22 NYCRR 1240.12 [b] [2]; [c] [2]). Respondent has not submitted any opposition to the Committee's motion.*

For the purposes of disbarment, a "felony" includes "any criminal offense classified as a felony under the laws of this

---

* This Court previously granted a motion by the Committee to serve respondent, who is currently incarcerated, by certified mail return receipt requested. Respondent sought to have the Committee's motion adjourned until at least 30 days after his scheduled release from prison on May 3, 2019. By order dated March 27, 2017, a Justice of this Court denied respondent's request.

state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]; *see also* Judiciary Law § 90 [4] [a]). Accordingly, a conviction of a federal felony offense does not trigger automatic disbarment unless the offense in question would constitute a felony under the New York Penal Law (*see Matter of Rosenthal*, 64 AD3d 16, 18 [1st Dept 2009]).

A federal felony offense need not be the "mirror image" of a New York State felony in order to trigger automatic disbarment; if the offense in question shares "essential similarity" with a New York State felony, the requirements of the Judiciary Law will be met (*see Matter of Margiotta*, 60 NY2d 147, 150 [1983]). In determining whether the offenses are essentially similar, we look first to the statutory language of each offense (*see Matter of Boden*, 146 AD3d 69, 71 [1st Dept 2017]). If this initial analysis is inconclusive, we turn next to the respondent's "admissions made under oath during a plea allocution, read in conjunction with the indictment or information" (*Boden*, 146 AD3d at 71; *see also Matter of Sorin*, 47 AD3d 1, 3 [1st Dept 2007]).

The Committee argues that automatic disbarment is warranted because respondent's federal conviction for conspiracy to commit wire fraud is essentially similar to a conviction for violating Penal Law § 190.65 (1) (b), scheme to defraud in the first degree. Under Penal Law § 190.65 (1) (b), a person commits the class E felony when he or she

> "engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons."

Although the Committee concedes that conspiracy to commit wire fraud and scheme to defraud in the first degree are not statutory analogues, the Committee contends that we should hold that respondent's admissions during his plea proceeding, read in conjunction with the information, establish essential similarity between the two offenses. We have so held in the past (*see Matter of Feuer*, 137 AD3d 78, 80 [1st Dept 2016] [the respondent's admissions made in conjunction with his plea of

guilty to violating 18 USC § 1349 were essentially similar to a violation of Penal Law § 190.65 (1) (b)]).

Here, the information upon which respondent pleaded alleged that, in relevant part, he and his co-conspirators operated two corporate entities between 2007 and 2011 through which they fraudulently induced investors to make high-interest loans totaling more than $145,000,000. Respondent and a co-conspirator used the loan money to purchase medical debt portfolios from which they earned millions of dollars in undisclosed commissions.

As part of respondent's plea agreement, he stipulated to a written statement of facts that the government would have proven beyond a reasonable doubt had the matter proceeded to trial. The statement of facts included these allegations. Moreover, during his plea proceeding, respondent acknowledged that he signed the written statement of facts. Respondent also agreed, on the record, with an oral summary of the facts delivered by an Assistant United States Attorney. Thus, as the Committee argues, respondent's plea admissions read in conjunction with the information establish that his federal felony conviction for conspiracy to commit wire fraud was essentially similar to the New York State felony of scheme to defraud in the first degree under Penal Law § 190.65 (1) (b). Respondent was charged with, and admitted to, engaging in a systematic, ongoing course of conduct in which he intentionally defrauded multiple individuals and received property valued in excess of one thousand dollars (see Penal Law § 190.65 [1] [b]; Feuer, 137 AD3d at 80).

Accordingly, the Committee's motion should be granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law §§ 90 (4) (a) and (b) and 22 NYCRR 1240.12 (c) (1), and disbarring him effective nunc pro tunc to his October 11, 2012 date of conviction.

FRIEDMAN, J.P., RICHTER, FEINMAN, GISCHE and GESMER, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 11, 2012.