Matter of Ravelo (2018 NY Slip Op 04857)





Matter of Ravelo


2018 NY Slip Op 04857


Decided on June 28, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

John W. Sweeny, Jr.,Justice Presiding,
Dianne T. Renwick
Angela M. Mazzarelli
Ellen Gesmer
Anil C. Singh,Justices.


M-1366

[*1]In the Matter of Keila D. Ravelo, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Keila D. Ravelo, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Kaila D. Ravelo, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 20, 1992.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Keila D. Ravelo was admitted to the practice of law in the State of New York by the First Judicial Department on July 20, 1992. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.
In 2017, respondent was convicted, upon her plea of guilty, in the United States District [*2]Court for the District of New Jersey, of conspiracy to commit wire fraud in violation of 18 USC §§ 1343 and 1349, and tax evasion in violation of 26 USC § 7201. Respondent is scheduled to be sentenced on June 28, 2018.
Respondent's conviction stemmed from her involvement in a conspiracy with her husband by which she defrauded two law firms (where she was employed as a partner) along with a client of approximately $7.8 million by submitting false invoices for litigation support services purportedly rendered by two entities formed by respondent and her husband.
Now, the Attorney Grievance Committee (Committee) seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1), on the grounds that she was convicted of a felony as defined by Judiciary Law § 90(4)(e), namely, conspiracy to commit wire fraud (18 USC §§ 1343 and 1349), and has therefore been automatically disbarred.
The Committee served respondent with its motion by mail, on consent, but she has not submitted a response.
The Committee's motion to strike respondent's name from the roll of attorneys should be granted.
Judiciary Law § 90(4)(a) authorizes automatic disbarment of an attorney convicted of a felony. Under this statute, a "felony" includes "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90[4][e]). Thus, a federal felony conviction will result in automatic disbarment if an equivalent felony exists under New York law (Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]).
For a determination that a federal felony has a New York analogy, the federal felony does not have to be a "mirror image" of a New York felony but must be "essentially similar" (Matter of Margiotta, 60 NY2d 147, 150 [1983]). Thus, we must compare the applicable federal and state felony statutes, as well as look to our own precedent on this issue. If this initial analysis is inconclusive, "essential similarity" can be established by admissions made under oath during a plea allocution, read in conjunction with the indictment or information (see Matter of Adams, 114 AD3d 1, 2-3 [1st Dept 2013]; Matter of Lin, 110 AD3d 186, 187 [1st Dept 2013]; Matter of Sorin, 47 AD3d 1, 3 [1st Dept 2007]).
Automatic disbarment is warranted herein because respondent's federal conviction for conspiracy to commit wire fraud under 18 USC §§ 1343 and 1349, if committed in New York, would constitute the New York felony of scheme to defraud in the first degree (Penal Law § 190.65[1][b]). Although conspiracy to commit wire fraud has no direct felony analogue under New York law (see Matter of Merker, 140 AD3d 1, 4 [1st Dept 2016]; Matter of Sorin, 47 AD3d at 3), admissions made by respondent as part of her written plea agreement and plea allocution, read in conjunction with the indictment to which she pled guilty, satisfy the elements of scheme to defraud in the first degree, a class E felony (Penal Law § 190.65[1][b]).
The indictment to which respondent pled guilty alleged, in
in pertinent part:
" [v]endor 1' was a limited liability company formed by [respondent] and [her husband] in or about January 2008. From at least as early as in or about March 2008 through in or about October 2013, Vendor 1 purportedly provided millions of dollars in litigation support services to Law Firm 1 and Law Firm 2 for the benefit of Client 1 and received payments of more than $5,000,000 from Law Firm 1 and Law Firm 2 for these alleged services. Law Firm 1 and Law Firm 2, believing that Vendor 1 had provided the litigation support services, in turn, billed and were reimbursed by Client 1 in connection with these purported services. In reality, however, Vendor 1 provided no services to Law Firm 1 and Law Firm 2 for the benefit of Client 1 or otherwise. Moreover, the vast majority of the money that went into Vendor 1's bank account from Law Firm 1 and Law Firm 2 was either: (i) used directly to pay for [respondent's] and [her husband's] personal expenses, or (ii) wire transferred into [a] Joint Bank Account and then used to pay for [respondent's] and [her husband's] personal expenses or investments. At no time, however, did [respondent] disclose to Law Firm 1 or Law Firm 2 that she and [her husband] had [*3]a direct financial interest in Vendor 1."
It is undisputed that respondent engaged in substantially similar behavior for "vendor 2," a limited liability company formed by respondent and her husband, that provided services to Law Firm 2 from July 2011 through July 2014. As part of the conspiracy, respondent authorized payments from Law Firm 1 and Law Firm 2 to both vendors 1 and 2 falsely representing that these vendors provided certain services.
The indictment also alleged that:
"It was further part of the conspiracy that when questioned by Law Firm 2 about Vendor 2 invoices, [respondent], in order to cover up and enable the conspiracy to continue, provided Law Firm 2 with documents that [respondent] claimed were produced by Vendor 2, but which in fact [respondent] knew were not produced by Vendor 2 as [respondent] had obtained many if not all of those documents from an attorney at another law firm."
Through this conspiracy, respondent and her husband "fraudulently obtained approximately $7,800,000 from Law Firm 1, Law Firm 2, and Client 1." Respondent entered into a written plea agreement in which she admitted to conspiring to commit wire fraud and reaffirmed the admission during her plea allocution.Respondent's plea admissions, read in conjunction with the indictment to which she pled guilty, satisfy the elements of Penal Law § 190.65(1)(b) because respondent admitted that over a period of time she and her husband engaged in a systematic course of conduct by which they fraudulently obtained over $7 million from her former law firms and a client thereof.
Respondent failed to notify the Committee or this Court of her conviction as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a).
Respondent's admitted conduct corresponds to the New York felony of scheme to defraud in the first degree (Penal Law § 190.65[1][b]); and, thus, is a proper predicate for automatic disbarment under Judiciary Law § 90(4)(b) and (e) and 22 NYCRR 1240.12(c)(1) (see e.g. Matter of Kuber, 151 AD3d 124 [1st Dept 2017]; Matter of Boden, 146 AD3d 69 [1st Dept 2017]; Matter of Feuer, 137 AD3d 78 [1st Dept 2016]).
The Committee's application is timely even though respondent has not yet been sentenced because she was automatically disbarred at the time of her guilty plea (see Matter of Lin, 110 AD3d at 188; Matter of Armenakis, 86 AD3d 205, 207 [1st Dept 2011]).
Accordingly, the Committee's motion should be granted and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 20, 2017.
All concur.
Order filed. June 28, 2018
Ordered that the petition is granted, and pursuant to Judiciary Law § 90(4)(b), respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 20, 2017.