Matter of Conroy (2018 NY Slip Op 07692)





Matter of Conroy


2018 NY Slip Op 07692


Decided on November 13, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,Justice Presiding,
Barbara R. Kapnick
Marcy L. Kahn
Ellen Gesmer
Cynthia S. Kern,Justices.


&em;

[*1]In the Matter of Donna M. Conroy, (admitted as Donna Marie Conroy), an attorney and counselor-at-law: Attorney Grievance Committee M-2446 for the First Judicial Department, Petitioner, Donna M. Conroy, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Donna M. Conroy, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on September 29, 1987.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Michael A. Gentile, Esq. for respondent.



PER CURIAM


Respondent Donna M. Conroy was admitted to the practice of law in the State of New York by the Third Judicial Department on September 29, 1987, under the name Donna Marie Conroy. At all times relevant to this proceeding, respondent maintained a registered address within the First Judicial Department.
On May 17, 2017, respondent was convicted, upon her plea of guilty, in the United States District Court for the District of New Jersey, of making false entries to deceive the Federal Deposit Insurance Corporation (FDIC) and First State Bank (FSB) in violation of 18 USC § 1005, and conspiracy to deceive the FDIC and FSB and to influence the FDIC in violation of 18 USC §§ 371, 1005, and 1007, both federal felonies.
Respondent's conviction stemmed from her participation in and concealment of a fraudulent infusion of capital into FSB (following a determination by regulators that the bank was insufficiently capitalized), which involved, among other things, lying to the FDIC and others about the fraudulent capital infusion and subsequent loans to cover it up.
By order entered June 6, 2017, the New Jersey Supreme Court, based on the federal conviction, temporarily suspended respondent from the practice of law pending completion of disciplinary proceedings against her.
Now, by motion, the Attorney Grievance Committee (AGC) seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1), on the grounds that she was convicted of a felony as defined by Judiciary Law § 90(4)(e), and has therefore been automatically disbarred; or, in the alternative, determining that the crimes of which respondent has been convicted are "serious crimes" as defined by Judiciary Law § 90(4)(d), immediately suspending her from the practice of law and directing respondent to show cause before a referee why a final order of censure, suspension or disbarment should not be made (see Judiciary Law § 90[4][f] and [g], and 22 NYCRR 1240.12[b][2] and [c][2]).
Even though respondent has not yet been sentenced, the AGC's application is timely because, for purposes of automatic disbarment, a conviction occurs at the time of plea or verdict (see Matter of Ravelo, 163 AD3d 98, 102 [1st Dept 2018]; Matter of Lin, 110 AD3d 186, 188 [1st Dept 2013]; Matter of Armenakis, 86 AD3d 205, 207 [1st Dept 2011]).
Respondent opposes the AGC's request for an order striking her name from the roll of attorneys, but does not oppose the Committee's alternate request for "serious crime" related relief, including her interim suspension. However, respondent asks this Court to postpone any sanction hearing until after she is sentenced and the New Jersey disciplinary proceeding is completed.
For purposes of applying Judiciary Law § 90(4)(a), which authorizes disbarment of an attorney convicted of a felony, Judiciary Law § 90(4)(e) defines a felony as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." Thus, a federal felony conviction will result in automatic disbarment if an equivalent felony exists under New York law (Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]).
For a determination that a federal felony has a New York analogy, the federal felony does not have to be a "mirror image" of a New York felony but must be "essentially similar" (Matter of Margiotta, 60 NY2d 147, 150 [1983]). Thus, we must compare the applicable federal and state felony statutes, as well as look to our own precedent on this issue. If this initial analysis is inconclusive, "essential similarity" can be established by admissions made under oath during a plea allocution, read in conjunction with the indictment or information (see Matter of Adams, 114 AD3d 1, 2-3 [1st Dept 2013]; Matter of Lin, 110 AD3d at 187; Matter of Sorin, 47 AD3d 1, 3 [1st Dept 2007]).
During her plea allocution, respondent acknowledged the details of the overall scheme as contained in the information. Specifically, respondent admitted that she and her co-conspirators attempted to conceal the misuse of FSB's own funds to generate the $7 million capital infusion [*2]by causing FSB to make three fraudulent loans to the FSB stock purchasers, to which end respondent drafted a business plan for one of the purported borrowers in which she purposely misstated, among other things, the purpose of the loan, the intended use of the loan proceeds, and how the loan would be repaid.
Respondent also admitted that she and her co-conspirators sought to hinder the FDIC's and FSB's inquiries by preventing them from obtaining accurate information concerning the criminal conduct at issue, to which end respondent, among other things, affirmatively concealed from the FDIC and an officer of FSB that the 1.4 million FSB shares through which the improper capital infusion was financed were used to collateralize the fraudulent loans discussed above.
Also, as part of her written plea agreement, respondent consented to entry of a forfeiture money judgment against her for $37,500, which she acknowledged represented the proceeds of her criminal conduct in violation of 18 USC § 1005.
We find that respondent's plea admissions, read in conjunction with the information to which she pled guilty,
satisfy the elements of scheme to defraud in the first degree (Penal Law § 190.65[1][b]) in that respondent admittedly engaged in a "systematic ongoing course of conduct" by which she misled the FDIC and her client FSB by which she wrongfully obtained the $37,500 she agreed to forfeit. While it does not appear that this Court has previously found conspiracy convictions under 18 USC §§ 371, 1005 and 1007 to be analogous to Penal Law § 190.65(1)(b), it has found other federal convictions for conspiracy to be "essentially similar" to this New York felony based on plea admissions, read in conjunction with the information/indictment, and there is no reason not to do so in this case (see e.g. Matter of Boden, 146 AD3d 69 [1st Dept 2017]; Matter of Merker, 140 AD3d 1 [1st Dept 2016]; Matter of Harnisch, 7 AD3d 58 [1st Dept 2004]; Matter of Kim, 209 AD2d 127, 130-131 [1st Dept 1995].
Accordingly, the AGC's motion should be granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York, and respondent is disbarred effective nunc pro tunc to May 17, 2017.
All Concur.
Order filed. [November 13, 2018]
Ordered that the motion is granted to the extent of disbarring respondent and striking her name from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), effective nunc pro tunc to May 17, 2017, the date of her conviction.