Matter of Luthmann (2020 NY Slip Op 07198)





Matter of Luthmann


2020 NY Slip Op 07198


Decided on December 2, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2020-04047

[*1]In the Matter of Richard Luthmann, admitted as Richard Albert Luthmann, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Richard Luthmann, respondent. (Attorney Registration No. 4272423)



MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 29, 2006, under the name Richard Albert Luthmann.



Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On March 18, 2019, in the United States District Court for the Eastern District of New York, the respondent pleaded guilty to one count of conspiracy to commit wire fraud, in violation of 18 USC §§ 1343 and 1349, and conspiracy to extortionate collection of credit, in violation of 18 USC § 894(a). The respondent was sentenced to a term of imprisonment of 48 months, to be followed by three years of supervised release, and ordered to pay $599,911.26 in restitution and a $200 special assessment. The respondent consented to the entry of a forfeiture judgment in the sum of $130,000.
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. Although the respondent was duly served, he has neither opposed the motion nor requested additional time in which to do so.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that, "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider, inter alia, the attorney's plea allocution (see Matter of Woghin, 64 AD3d 5).
The Grievance Committee asserts, among other things, that the respondent's [*2]conviction of conspiracy to commit wire fraud, in violation of 18 USC §§ 1343 and 1349, a federal felony, is essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony. Pursuant to Penal Law § 190.65, a person is guilty of scheme to defraud in the first degree by engaging in a scheme with intent to defraud one or more persons by false pretenses, thereby obtaining property in excess of $1,000. During the respondent's plea allocution, he admitted that between August 2015 and February 2016, he, together with others, intentionally conspired to defraud one or more businesses, including five companies, to obtain money and property from them by means of materially false and fraudulent pretenses, representations, and promises. Specifically, the respondent admitted that he represented a company that was "ripping off Chinese people and Chinese companies in the scrap metal business." As a result of his conduct, the respondent was ordered to pay restitution of $599,911.26. These facts satisfy the elements of the New York felony of scheme to defraud in the first degree.
Under the circumstances of this case, we conclude that the respondent's conviction of conspiracy to commit wire fraud, in violation of 18 USC §§ 1343 and 1349, constitutes a felony within the meaning of Judiciary Law § 90(4)(e). Accordingly, by virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of March 18, 2019.
SCHEINKMAN, P.J., RIVERA, DILLON, BALKIN and LEVENTHAL, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Richard Luthmann, admitted as Richard Albert Luthmann, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Richard Luthmann, admitted as Richard Albert Luthmann, is disbarred, effective March 18, 2019, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Richard Luthmann, admitted as Richard Albert Luthmann, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Richard Luthmann, admitted as Richard Albert Luthmann, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Richard Luthmann, admitted as Richard Albert Luthmann, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court