Matter of Boye (2021 NY Slip Op 04786)





Matter of Boye


2021 NY Slip Op 04786


Decided on August 26, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:August 26, 2021

PM-108-21
[*1]In the Matter of Bobby Wally Boye, a Suspended Attorney. (Attorney Registration No. 4786729.)

Calendar Date:June 28, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2010 and lists a business address in Nigeria with the Office of Court Administration.[FN1] In April 2015, respondent pleaded guilty in the US District Court for the District of New Jersey to the federal felony of conspiracy to commit wire fraud (see 18 USC §§ 1343, 1349). He was later sentenced to, among other things, 72 months in prison. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, pursuant to Judiciary Law § 90 (4) (a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (a), for an order striking respondent's name from the roll of attorneys on the basis that he was automatically disbarred upon his felony conviction. Alternatively, AGC moves for discipline to be imposed upon respondent's final judgment of conviction of a serious crime (see Judiciary Law § 90 [4] [a], [d], [g]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12; Rules of the Appellate Division, Third Department [22 NYCRR] § 806.12]). Respondent has not responded or otherwise appeared in opposition to the motion.
An attorney's "conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law" (Matter of Mercado, 1 AD3d 54, 55 [2003]). Significantly, even where a foreign felony does not have a direct New York analogue, an attorney's conviction of a felony that is "'essentially similar to a New York felony'" will result in automatic disbarment (Matter of Ferriero, 172 AD3d 1698, 1699 [2019], quoting Matter of Park, 95 AD3d 1648, 1648 [2012]; see Judiciary Law § 90 [4] [a], [e]). To that end, "[e]ssential similarity between the elements of the federal offense and a New York felony may be established in the admissions under oath made during a respondent's federal plea allocution, which may be read in conjunction with the federal indictment or information" (Matter of Weisman, 124 AD3d 52, 53 [2014]).
Here, AGC acknowledges that the federal felony of conspiracy to commit wire fraud has no direct New York analogue (see Matter of Farrace, 173 AD3d 1422 [2019]), but contends that conspiracy to commit wire fraud is essentially similar to the New York class E felony of scheme to defraud in the first degree (see Penal Law § 190.65 [1] [b]). Notably, this Court has previously rejected similar arguments due to the absence in those motions of submitted proof establishing the essential similarity of the two statutes (see Matter of Mueller, 129 AD3d 1293, 1294 [2015]; see also Matter of Sheehan, 145 AD3d 1180, 1181 [2016]). In support of the subject motion, however, AGC has presented both the federal information and respondent's sworn plea allocution demonstrating that respondent admitted to conduct that sufficiently established the commission of the New York felony of scheme to defraud in the first degree. Specifically, respondent admitted under oath that, between March 2012 and [*2]May 2013, he intentionally conspired with others to create a fictitious consulting services business that he falsely represented — in his capacity as a trusted legal advisor to a foreign country — was a reputable, established business. After that country hired the fraudulent company, repeated wire transfers were sent to the company in amounts totaling more than $3.5 million, which respondent then diverted for his own personal use.
As these factual admissions demonstrate that respondent was convicted of a federal crime that, under the circumstances, was sufficiently equivalent to a New York felony, we find that respondent was automatically disbarred and ceased to be an attorney by operation of law in April 2015 when he pleaded guilty to conspiracy to commit wire fraud (see e.g. Matter of Luthmann, 190 AD3d 66 [2020]; Matter of Feuer, 137 AD3d 78 [2016]; Matter of Weisman, 124 AD3d at 53). Accordingly, "AGC's motion to strike respondent's name from the roll of attorneys is a mere formality that serves only to confirm his disbarment" (Matter of Percoco, 171 AD3d 1450, 1452 [2019]). We therefore grant AGC's motion and publicly confirm respondent's disbarred status, striking his name from the roll of attorneys nunc pro tunc to the date of his guilty plea (see Matter of Kenney, 164 AD3d 1519, 1519 [2018] Matter of Tendler, 131 AD3d 1301, 1302 [2015]). Given this result, it is unnecessary to consider AGC's alternative request to impose discipline upon respondent based upon his conviction of a serious crime.
Egan Jr., J.P., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted to the extent set forth in the decision; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to April 28, 2015; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: By May 2019 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1712 [2019]), respondent was suspended from the practice of law for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration requirements in accordance with Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1, beginning in 2012 (see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).